UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ANDRE D. PAYNE,

Plaintiff,

v.                                              CAUSE NO. 3:25-CV-235-PPS-JEM

L. SMITH, *et al.*,

Defendants.

## OPINION AND ORDER

Andre D. Payne, a prisoner without a lawyer, filed a complaint under 42 U.S.C.
§ 1983. [DE 1]. Under 28 U.S.C. § 1915A, I must screen this pleading and dismiss it if it is
frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks
monetary relief against a defendant who is immune from such relief. To proceed
beyond the pleading stage, a complaint must state a claim that is "plausible on its face."
*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility
when the plaintiff pleads factual content allowing "the court to draw the reasonable
inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556
U.S. 662, 678 (2009). Because Payne is proceeding without counsel, I must give his
allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Payne is incarcerated at Indiana State Prison. On or about April 15, 2024,
Correctional Officer M. Doles wrote a conduct report against Payne for assaulting staff,
claiming that he threw batteries at her. He was transferred to a segregation unit
pending an investigation and hearing on the charge. He claims the camera evidence did

not bear out Officer Dole's account and that he actually threw the batteries at an inmate standing near the officer. Nevertheless, the hearing officer, L. Smith, found him guilty of some modified charge (which he does not describe). On appeal, the appeal review officer vacated the guilty finding, and he was released from segregation in December 2024.[1] He alleges that Officers Smith and Doles violated his due process rights and seeks damages in the amount of $1,000 per day for the 230 days he served in segregation pursuant to this disciplinary charge.

The Fourteenth Amendment Due Process Clause does not create a liberty interest in avoiding transfer within a correctional facility or in remaining in the prison's general population. *See Wilkinson v. Austin*, 545 U.S. 209, 222 (2005); *Sandin v. Conner*, 515 U.S. 472 (1995). Instead, "an inmate's liberty interest in avoiding segregation is limited." *Hardaway v. Meyerhoff*, 734 F.3d 740, 743 (7th Cir. 2013). To trigger a liberty interest, an inmate must be subjected to restrictive conditions that present a "significant and atypical hardship" in relation to the ordinary incidents of prison life. *Sandin*, 515 U.S. at 484-85. There is no firm rule as to the amount of time that must be spent in segregation to trigger a liberty interest, and instead courts must "look to both the duration of the segregation and the conditions endured." *Lisle v. Welborn*, 933 F.3d 705, 721 (7th Cir. 2019). As to the conditions, it is not enough that they are "more severe than those found in the general prison population." *Hardaway v. Meyerhoff*, 734 F.3d 740, 744 (7th Cir.

---

[1] Payne recently filed a habeas petition which reflects that a new hearing was held on the disciplinary charge before a different hearing officer and he was again found guilty. As a result, he lost earned credit time. He challenges that guilty finding in the habeas case. *See Payne v. Warden*, No. 3:25-CV-264-JD-JEM (N.D. Ind. filed Mar. 26, 2025).

2013). Rather, they must be in the vein of depriving a prisoner of "all human contact or sensory stimuli." *Id.*

According to the complaint, Payne served approximately seven months in segregation before the guilty finding was vacated. This is a rather lengthy period, but he does not describe any restrictive conditions in the segregation unit for me to plausibly infer that he was subjected to a significant and atypical hardship in relation to the ordinary incidents of prison life. *Hardaway*, 734 F.3d at 743 (six months in segregation did not trigger a liberty interest "in the absence of exceptionally harsh conditions"). The mere fact that he was held in segregation for some period is not enough to state a due process claim. *Wilkinson*, 545 U.S. at 222; *see also Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) ("putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened . . . that *might* be redressed by the law" is not enough to state a claim).

Therefore, the complaint does not state a claim for relief. "[L]itigants in this circuit are ordinarily given the chance to amend their pleadings once as a matter of course" before a case is dismissed. *Newson v. Superior Ct. of Pima Cnty.*, 784 F. App'x 964, 965 (7th Cir. 2019); *see also Luevano v. Wal-Mart*, 722 F.3d 1014, 1022 (7th Cir. 2013). Payne may file an amended complaint if he believes he can state a plausible constitutional claim based on this incident, consistent with the allegations he has already made under penalty of perjury.

For these reasons, the Court:

(1) **GRANTS** the plaintiff until **May 5, 2025**, to file an amended complaint; and

3

(2) **CAUTIONS** him that if he does not file an amended complaint, this case is subject to dismissal under 28 U.S.C. § 1915A without further notice.

**SO ORDERED**.

ENTERED: April 4, 2025.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT