UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ANDRE D. PAYNE,

    Plaintiff,

    v.                                               CAUSE NO. 3:25-CV-235-PPS-JEM

L. SMITH, *et al.*,

    Defendants.

## OPINION AND ORDER

Andre D. Payne, a prisoner without a lawyer, filed an amended complaint under 42 U.S.C. § 1983. [DE 6]. I determined that his original complaint did not state a plausible constitutional claim, but I granted him an opportunity to file an amended complaint before the case was dismissed under 28 U.S.C. § 1915A. [DE 5]. He responded with the present pleading.

Under 28 U.S.C. § 1915A, I must screen the amended complaint and dismiss it if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must state a claim that is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content allowing "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Payne is proceeding without counsel, I must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

As with his original complaint, Payne claims that he was deprived of due process in connection with a prison disciplinary proceeding that resulted in him spending time in segregation. He alleges that on April 15, 2024, Officer M. Doles wrote a conduct report against him for "battery on staff" for—ironically enough—throwing batteries at her. Payne alleges the hearing officer, L. Smith, found him guilty "without the evidence to support the charge" and that the guilty finding was vacated on appeal. [DE 6 at 2]. He seeks money damages from Officers Doles and Smith in the amount of $1,000 per day for the time he spent in segregation in connection with the charge.

Although Payne does not provide a lot of details, public records reflect that after the guilty finding was vacated, the disciplinary case was remanded for a new hearing before a different hearing officer and Payne was again found guilty of battery on staff.[1] *See Payne v. Warden*, No. 3:25-CV-264-JD-JEM (N.D. Ind. filed Mar. 26, 2025). The hearing officer reviewed the camera evidence which, by her account, showed Payne "throwing batteries and striking Officer Doles in the chest." [*Id.*, DE 1-1 at 5]. Because Payne was found guilty of hitting Officer Doles with batteries, he cannot seek damages in this civil rights case based on a theory that he did not commit this act, unless the guilty finding is overturned, vacated, or otherwise drawn into question. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Edwards v. Balisok*, 520 U.S. 641, 643 (1997) (*Heck* applies to prison disciplinary convictions). Although Payne is currently challenging the second guilty finding in a habeas case, at present he has not been

---

[1] I am permitted to take judicial notice of public records at the pleading stage. *See* FED. R. EVID. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018).

2

granted any relief. Therefore, he is barred from asserting any allegations that necessarily imply Officer Doles initiated a false charge against him, or that Officer Smith found him guilty even though he is innocent.

Assuming his complaint could be read to assert a more nuanced challenge to the guilty finding, he has not plausibly alleged that he had a liberty interest at stake in the first disciplinary hearing. The Fourteenth Amendment does not create a liberty interest in avoiding transfer within a correctional facility or in remaining in the prison's general population. *See Wilkinson v. Austin*, 545 U.S. 209, 222 (2005); *Sandin v. Conner*, 515 U.S. 472 (1995). Instead, "an inmate's liberty interest in avoiding segregation is limited." *Hardaway v. Meyerhoff*, 734 F.3d 740, 743 (7th Cir. 2013). To trigger a liberty interest, an inmate must be subjected to restrictive conditions that present a "significant and atypical hardship" in relation to the ordinary incidents of prison life. *Sandin*, 515 U.S. at 484-85. There is no firm rule as to the amount of time that must be spent in segregation to trigger a liberty interest, and instead courts must "look to both the duration of the segregation and the conditions endured." *Lisle v. Welborn*, 933 F.3d 705, 721 (7th Cir. 2019). As to the conditions, it is not enough that they are "more severe than those found in the general prison population." *Hardaway*, 734 F.3d at 744. Rather, they must be in the vein of depriving a prisoner of "human contact or sensory stimuli." *Id.*

Payne spent approximately seven months in segregation, which is not insignificant. However, as I explained in the original screening order, he did not describe any restrictive conditions in the segregation unit for me to plausibly infer that he was subjected to a significant and atypical hardship in relation to the ordinary

3

incidents of prison life while in segregation. *Hardaway*, 734 F.3d at 743 (six months in segregation did not trigger a liberty interest "in the absence of exceptionally harsh conditions").

In his amended complaint, Payne asserts that he was exposed to a significant and atypical hardship because the segregation unit had an excessive amount of "bird feces and other vermin." [DE 6 at 2]. These conditions (though certainly unpleasant) are not "analogous to a confinement that deprives a prisoner of all human contact or sensory stimuli." *Hardaway*, 734 F.3d at 744. Dirty conditions like these are more appropriately analyzed in the context of an Eighth Amendment conditions-of-confinement claim. *See Graham v. Connor*, 490 U.S. 386, 395 (1989) (constitutional claims must be analyzed under the most "explicit textual source of constitutional protection"). In fact, Payne is already proceeding on an Eighth Amendment claim related to the pests in another pending lawsuit. *See Payne v. Neal, et al.*, No. 3:24-CV-505-AZ (N.D. Ind. filed Jun. 24, 2024). He has not plausibly alleged that he had a liberty interest at stake in connection with his seventh-month stay in segregation.

Payne also has not plausibly alleged that Officer Doles and Officer Smith violated his due process rights. The Fourteenth Amendment guarantees inmates certain procedural protections in a disciplinary hearing: (1) at least 24 hours advance written notice of the charge; (2) an opportunity to have their case decided by an impartial decisionmaker; (3) an opportunity to call witnesses and present documentary evidence when consistent with institutional safety and correctional goals; and (4) a written statement by the decisionmaker of the evidence relied on and the reasons for the

4

disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974). There must also be "some evidence" to support the hearing officer's decision. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

Payne states in conclusory terms that the charge was "without evidence," but he does not provide any factual content for me to draw an inference that Officers Doles and Smith committed a due process violation. *Ashcroft*, 556 U.S. at 678. The mere fact that the guilty finding was vacated on appeal does not mean that evidence of Payne's guilt was lacking.[2] Merely "putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened . . . that *might* be redressed by the law" is not enough to state a claim under federal pleading standards. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010).

Payne has therefore failed to state a plausible due process claim. He has already been granted an opportunity to amend, and his amended complaint is essentially the same as the original. I find no basis to conclude that if he were given another opportunity, he could state a plausible constitutional claim based on these events, consistent with public records and what he has already alleged under penalty of perjury.

---

[2] As best as can be discerned from Payne's pleadings, the disciplinary case was remanded for a new hearing because the hearing officer's report did not reveal whether the batteries actually hit Officer Doles. *See Payne*, No. 3:25-CV-264-JD-JEM, DE 1-1. On remand, the matter was clarified. *Id.*

For these reasons, this action is **DISMISSED** under 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted. The clerk is **DIRECTED** to **CLOSE THE CASE**.

**SO ORDERED**.

ENTERED: May 27, 2025.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT